**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 0 | Valuation of Security | 0 | Assumption of Executory Contract or Unexpired Lease | 0 | Lien Avoidance |

**Last revised: September 1, 2018**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re:    Maureen M. Falls

Case No.: 17-17906

Judge: _____

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original ☒ Modified/Notice Required    Date: 1/8/19
☐ Motions Included ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: ___EJC___    Initial Debtor: ___MMF___    Initial Co-Debtor: _____

$28,282.62 paid through 12/17/18

| **Part 1:** | **Payment and Length of Plan** |

a. The debtor shall pay $ __200__ per __month__ to the Chapter 13 Trustee, starting on __May 2018__ for approximately __60__ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒ Future earnings

☒ Other sources of funding (describe source, amount and date when funds are available):

Beneficiary of Estate of Alexander Falls, deceased

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☒ Loan modification with respect to mortgage encumbering property:
Description: 351 Chapel Heights Road, Sewell, NJ 08080
Proposed date for completion: 3/31/19

d. ☒ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:   Adequate Protection ☐ NONE**

    a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

    b.  Adequate protection payments will be made in the amount of $ _____2,000_____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____Shellpoint_____ (creditor).

**Part 3:   Priority Claims (Including Administrative Expenses)**

    a.   All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 2,805 plus all other court approved fees and costs |
| DOMESTIC SUPPORT OBLIGATION | | |

    b.   Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:    Secured Claims**

### a. Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Washington Township | Tax Collection | $500 | N/A | $500 | Resume May 2017 |
| North Wildwood Township | Tax Collection (All North Wildwood properties) | $500 | N/A | $500 | Resume May 2017 |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### c. Secured claims excluded from 11 U.S.C. 506: ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments**  ☒ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender**  ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☐ **NONE**

The following secured claims are unaffected by the Plan:

TD Bank has a second mortgage against residence and a 2nd mortgage against Canterbury Court. I will pay them outside Chapter 13 plan. Bunker Hill development filed a claim for $844, however it was paid outside Chapter 13, but for attorney fees which will be paid outside Chapter 13 plan.

**g. Secured Claims to be Paid in Full Through the Plan**: ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

### Part 5: Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☒ Not less than  100  _____ percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

**Part 6:    Executory Contracts and Unexpired Leases  ☒ NONE**

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 7:    Motions  ☒ NONE**

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).  ☒ NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### Part 8:    Other Plan Provisions

**a. Vesting of Property of the Estate**

☒   Upon confirmation

☐   Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions

2) Jenkins and Clayman

3) Washington Township Tax Collection

4) North Wildwood Township Tax Collection

5) Unsecured creditors who file timely proofs of claim

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

### Part 9:    Modification ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: 1/8/19                                 .

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| To note Trustee received proceeds of sale<br>To note treatment to TD and Bunker Hill<br>To note residence mortgage is held by Shellpoint<br>To remove Washington place from 4(a) | To provide until 10/31/18 for loan modification with Shellpoint<br>To note no payments by Trustee to TD or Bunker Hill<br>To remove Washington place from repayment as debtor is paying through o/s plan. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

### Part 10:    Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: 1/8/19                                                 /s/ Maureen M. Falls
                                                                                                                           Debtor

Date: _____                      _____
                                                                                                                  Joint Debtor

Date: 1/8/19                                                 /s/ Eric J. Clayman
                                                                                               Attorney for Debtor(s)

```
                         United States Bankruptcy Court
                              District of New Jersey

In re:                                                            Case No. 17-17906-JNP
Maureen M Falls                                                   Chapter 13
         Debtor                      CERTIFICATE OF NOTICE

District/off: 0312-1            User: admin                Page 1 of 2         Date Rcvd: Jan 11, 2019
                                Form ID: pdf901            Total Noticed: 34


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 13, 2019.
db             +Maureen M Falls,    351 Chapel Heights Road,    Sewell, NJ 08080-1871
r              +William Souders,    41 South Haddon Avenue,    Haddonfield, NJ 08033-1800
516774693      +A Shore View Condo Association,    505 E 4th Ave,    Wildwood, NJ 08260-5809
516774694      +A-1 Collections,    2297 State Highway 33, Suite 906,    Hamilton Square, NJ 08690-1717
516774695      +Bunker Hill Condo Association,    c/o Nona L. Ostrove, LLC,    1000 White Horse Road, Suite 703,
                 Voorhees, NJ 08043-4413
516774696      +Bunker Hill Development,    c/o Nona L. Ostrove, LLC,    1000 White Horse Road, Suite 703,
                 Voorhees, NJ 08043-4413
516781007      +Bunker Hill Development, a Condominium d/b/a,     Washington Place Condominium Association,
                 c/o Associa Mid-Atlantic,    14000 Horizon Way, Suite 200,    Mt. Laurel, NJ 08054-4342
516774697      +Cape Regional Medical Center,    c/o Collections & Recoveries,    331 Tilton Road,
                 Northfield, NJ 08225-1201
516966531       Capital One, N.A.,    c/o Becket and Lee LLP,    PO Box 3001,    Malvern PA 19355-0701
516965879       Credit First NA,    PO Box 818011,   Cleveland, OH 44181-8011
516774698      +Ditech Financial,    c/o Stern Lavinthal & Frankenberg LLC,    105 Eisenhower Parkway,
                 Suite 302,    Roseland, NJ 07068-1640
516774700       Kennedy Health System,    c/o Mattleman Weinroth & Miller,    401 NJ-70,    Cherry Hill, NJ 08034
516774701      +Kohl's/Capital One NA,    c/o Credit Control LLC,    PO BOX 488,    Hazelwood, MO 63042-0488
516981986       MTGLQ Investors, L.P.,    Shellpoint Mortgage Servicing,    PO Box 10826,
                 Greenville, SC  29603-0826
516774705      +NJ Division of Taxation,    50 Barrack St,    Trenton, NJ 08608-2006
516826275      +New Jersey Turnpike Authority,    Mark Schneider, Esq.,    581 Main Street, PO Box 5042,
                 Woodbridge, NJ 07095-5042
516774704      +NewPennFin-ShellPoint Mortgage,    55 Beattie Place, Suite 110,    Greenville, SC 29601-5115
516774707      +North Wildwood,    901 Atlantic Avenue,    Wildwood, NJ 08260-5778
516774708      +Petro Inc.,    c/o Mullooly Jeffrey Rooney Flynn,    6851 Jericho Tpke # 220,
                 Syosset, NY 11791-4449
516937393     ++STATE OF NEW JERSEY,    DIVISION OF TAXATION BANKRUPTCY UNIT,    PO BOX 245,
                 TRENTON NJ 08646-0245
               (address filed with court:    State of New Jersey,    Department of Treasury,
                 Division of Taxation,    PO Box 245,    Trenton, NJ 08695-0245)
516774709      +TD Bank,    c/o Ryan A. Gower,    at Duane Morris LLP,    1940 Route 70 East, Suite 200,
                 Cherry Hill, NJ 08003-2141
516774711      +Verizon,    c/o Debt Recovery Solutions,    6800 Jericho Turnpike,    Suite 113F,
                 Syosset, NY 11791-4436
516774714      +Washington Place Condo Association,    c/o Nona L. Ostrove, LLC,
                 1000 White Horse Road, Suite 703,    Voorhees, NJ 08043-4413
516774715      +Washington Township Tax Collection,    1200 North Delsea Drive,    Bldg A,
                 Clayton, NJ 08312-1000

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Jan 11 2019 22:34:14     U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ  07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Jan 11 2019 22:34:13      United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
516774699       E-mail/Text: cio.bncmail@irs.gov Jan 11 2019 22:34:07     IRS,    PO Box 7346,
                 Philadelphia, PA 19101-7346
516774702       E-mail/Text: cd@musicarts.com Jan 11 2019 22:34:19     Music & Arts,    4626 Wedgewood Boulevard,
                 Frederick, MD 21703-7159
516774703      +E-mail/Text: bankruptcydepartment@tsico.com Jan 11 2019 22:34:23      Music & Arts Centers,
                 c/o Transworld Systems Inc.,    9525 Sweet Valley Drive,    Cleveland, OH 44125-4237
516774706      +E-mail/Text: Jerry.Bogar@conduent.com Jan 11 2019 22:34:28      NJ E-Z Pass,
                 Violations Processing Center,    PO BOX 4971,    Trenton, NJ 08650-4971
516774710       E-mail/Text: bankruptcy@td.com Jan 11 2019 22:34:16     TD Bank,    PO BOX 8400,
                 Lewiston, ME 04243
517014069       E-mail/Text: bankruptcy@td.com Jan 11 2019 22:34:16     TD Bank, N.A.,
                 c/o Schiller Knapp Lefkowitz & Hertzel LL,    70 Gray Road,    Falmouth, ME 04105
516774712      +E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Jan 11 2019 22:34:01
                 Verizon,    500 Technology Drive, Suite 300,    Saint Charles, MO 63304-2225
516886880      +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Jan 11 2019 22:43:11      Verizon,
                 by American InfoSource LP as agent,    4515 N Santa Fe Ave,    Oklahoma City, OK 73118-7901
                                                                                              TOTAL: 10

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
516774713       Washington Place Condo Association,    f/k/a Bunker Hill,    c/o Nina Ostrove Esq.
                                                                                              TOTALS: 1, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

```
District/off: 0312-1           User: admin               Page 2 of 2              Date Rcvd: Jan 11, 2019
                               Form ID: pdf901           Total Noticed: 34
```

***** BYPASSED RECIPIENTS (continued) *****

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 13, 2019                                  Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 10, 2019 at the address(es) listed below:

```
          Denise E. Carlon    on behalf of Creditor    MTGLQ INVESTORS, L.P. dcarlon@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          Eric   Clayman    on behalf of Debtor Maureen M Falls jenkins.clayman@verizon.net,
           connor@jenkinsclayman.com
          Isabel C. Balboa    ecfmail@standingtrustee.com, summarymail@standingtrustee.com
          Isabel C. Balboa    on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com,
           summarymail@standingtrustee.com
          Jeffrey E. Jenkins    on behalf of Debtor Maureen M Falls jenkins.clayman@verizon.net,
           connor@jenkinsclayman.com
          Jennifer R. Gorchow    on behalf of Trustee Isabel C. Balboa jgorchow@standingtrustee.com
          Nona   Ostrove    on behalf of Creditor    Bunker Hill Development, a Condominium d/b/a Washington
           Place Condominium Assoc. nostrove@ostrovelaw.com
          Richard James Tracy, III    on behalf of Creditor    TD Bank NA rtracy@schillerknapp.com,
           tshariff@schillerknapp.com;kcollins@schillerknapp.com;ahight@schillerknapp.com
          Stephanie F. Ritigstein    on behalf of Debtor Maureen M Falls jenkins.clayman@verizon.net,
           connor@jenkinsclayman.com
          U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 10
```